IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA M. STOCKTON                                                                                   PLAINTIFF
ADC # 169885

v.                                              4:23CV00582-JM-JTK

JOE PAGE, III, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Joshua M. Stockton ("Plaintiff") is in custody at the Pine Bluff Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983 against Superintendent Joe Page, III, Deputy Warden Boulden, Chief Deputy Director Marshall Reed, Sergeant Barron, Nightshift Sergeant Cannon, Corporal Howell, and Lieutenant Holcolmb (collectively "Defendants") in their personal and official capacities.[1]  (Doc. No. 2 at 1-4).

---

[1] Plaintiff says he brings his claims against Defendants in their personal capacities only, and "official capacity against Defendants as a prison municipality." (Doc. No. 2 at 4). The Court will address both official and personal capacity claims.

Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), which was granted. (Doc. Nos. 1, 3).

The Court must now continue screening Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

Plaintiff sued Defendants in connection with a faulty water fountain at the Pine Bluff Unit. (Doc. No. 2). According to Plaintiff, the water fountain in question had a short. (Id. at 7). On several occasions when Plaintiff used the water fountain, he was shocked. (Id.). The severity of the shock varied from mild to severe. (Id.). Plaintiff first filed a grievance about the water fountain on March 7, 2023. (Id.). The water fountain was removed on March 23, 2023. (Id. at 20). In the interim, maintenance inspected the water fountain twice. (Doc. No. 2 at 21). Plaintiff acknowledged that the electric shocks did not occur all of the time. (Id. at 7).

Plaintiff first reported the problem to Sergeant Cannon, a problem solver on the night shift. (Id.). Sergeant Cannon read the grievance, "but refused to address the report of injury . . . ." (Id.). Instead, Defendant Cannon told Plaintiff to give the grievance to Sergeant Barron when Sergeant Barron returned to duty, because the grievance included Sergeant Barron's name. (Id.). Plaintiff claims Defendant Cannon was deliberately indifferent to risk of serious harm because Defendant Cannon did not remove the water fountain or call maintenance. (Id.). Plaintiff further alleges that Defendant Cannon violated Plaintiff's right to redress because he refused to address the harm in the grievance. (Doc. No. 2 at 16).

During lunch call on March 7, 2023, Plaintiff informed Defendant Barron, a problem solver, of the problem with the water fountain. (Id. at 13). Defendant Barron responded that as long as the water fountain was working, he could do nothing about it. (Id.). Plaintiff maintains Defendant Barron was deliberately indifferent to the risk of harm to Plaintiff. (Id.).

Plaintiff asserts that Defendants Page and Boulden failed to protect him. (Id. at 18). According to Plaintiff, "after clear notifications of threat of ham by the grievance procedures and verbal notice," the water fountain remained in the barracks. (Id.). Plaintiff further alleges that

Defendant Howell was deliberately indifferent because he failed to repair the water fountain "each time [he] . . . was called down." (Doc. No. 2 at 19). According to Plaintiff, Defendant Howell "only checked to see if [the water fountain] dispensed water correctly and just left without fixing the threat of harm to inmates." (Id.). Plaintiff included statements from three other inmates noting they also had been shocked by the water fountain. (Id. at 21).

Plaintiff complains that Defendant Reed failed to protect him by refusing to address the merits of certain grievances. (Id. at 23). By not reaching the merits, Defendants Boulder and Reed "are attempting to conspire to thwart available administrative remedies." (Id. at 23-24, 28, 30). Plaintiff makes similar allegations against Defendant Page. (Id. at 26). Plaintiff maintains that Defendant Holcolmb "did not turn [Plaintiff's emergency grievance] in to his authorized administrative levels." (Doc. No. 2 at 35, 39-40). Plaintiff attached various grievances and an Inmate Request Form to his Complaint. (Id. at 43-48).

Plaintiff seeks damages. (Id. at 4).

As explained below, Plaintiff's Complaint (Doc. No. 2) fails to state a claim on which relief may be granted.

### A.     Official Capacity Claims

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, any official capacity damages claims against ADC officials are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### B. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1. Grievance Procedure

Plaintiff makes various allegations about irregularities in the grievance procedure. But "there is no federal constitutional interest in having state officers follow state law of prison officials follow prison regulations." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). As such, Plaintiff's allegations regarding the way various Defendants carried out—or did not carry out—the grievance procedure fails to state a claim on which relief may be granted.

#### 2. Deliberate Indifference

Plaintiff first complained about the water fountain on March 7, 2023; the water fountain was removed on March 23, 2023. After Plaintiff grieved the issue, maintenance (Defendant Howell) was sent to check the water fountain. (Doc. No. 2 at 46, 19, 21). Plaintiff acknowledges that using water fountain did not result in a shock each time. (Id. at 7). Defendant Howell found the water fountain to be working properly. (Id. at 46). According to Plaintiff, the malfunctioning continued. Maintenance inspected the water fountain at least twice before the water fountain was removed on March 23, 2023—16 days after Plaintiff's first grievance.

Even liberally construing Plaintiff's Complaint, his allegations do not amount to a constitutional violation. While it took 16 days to remedy the problem, maintenance twice inspected the water fountain in the meantime. This does not indicate that Defendants knew of a risk of harm to Plaintiff but ignored it; rather, this indicates that Defendants were attempting to diagnose and remedy the problem. Without more, Plaintiff's allegations sound in negligence. And "[m]ere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[3] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

DATED this 27th day of June, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."